FILED - GR
December 4, 2012 12:48 PM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: ns /_____ Scanned: VS / 12/4

# UNITED STATES OF AMERICA
# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

BRADLEY KEITH SLEIGHTER,

    Plaintiff,                                              Case No. 1:12-cv-0763

                                                      Honorable Janet T. Neff

v.

KENT COUNTY CORRECTIONAL FACILITY ADMINISTRATION,
UNDERSHERIFF HESS and CAPTAIN RANDY DEMORY,

    Defendants.

## FIRST AMENDED COMPAINT

I, the plaintiff, file this Amended Complaint to the original Complaint filed on July 7th, 2012. I am filing this Amended Complaint under the provisions outlined in Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure. I file this Amended Complaint and allege upon information and belief the following:

### INFORMATION

1. By refusing to offer kosher meals, or an acceptable alternative, the Kent County Correctional Facility ("KCCF") forced me and continues to force it's inmate population to violate their core religious beliefs on a daily basis, in violation of the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. ~ 2000cc ("RLUIPA").

2. Keeping kosher is a central tenet of Judaism and other religious traditions observed by inmates incarcerated at KCCF. KCCF's refusal to provide me with a kosher meal, or an acceptable alternative, burdened me substantially in my civil right to have free exercise of religion.

3. During my 10 months of incarceration I suffered documented substantial weight loss, documented vitamin deficiencies, and psychological distress as a result of being denied kosher meals. The federal

courts have held that "a prisoner's religious dietary practice is substantially burdened when the prison forces him to choose between his religious practice and adequate nutrition".

4. KCCF contracts its food services to Aramark which has provisions for an inmate requesting kosher meals as well as other religious diets. These diets are detailed in the Aramark "Medical Nutrition Therapy and Religious Meals Manual" and page 53 details a diet provision to serve as kosher, but do not, in fact, meet the guidelines of kosher. It does allow a diet tray in which non-kosher foods are removed. Moreover, KCCF has disregarded its food service provider's policy in providing religious diets and did continue to provide medical diets. This policy was agreed to and signed December 2009 by both Captain Randy Demory and the jail doctor, Dr. Yacob.

5. Upon becoming aware that other inmates of the Christian faith were receiving special religious diets in compliance with Aramark's Religious Meals Policy I sent correspondence to the Undersheriff requesting that I be allowed the same dietary considerations that others were receiving. I was interviewed by his appointee and on July 6th, 2012 I began receiving a special diet tray that was acceptable at the time.

6. On July 13th, 2012 the Administration held a meeting and determined that I was not to receive a diet tray. My diet tray was discontinued on July 19th, 2012.

7. On July 19th, 2012 I began sending correspondence to the Administration requesting a reason for the discontinuation of my diet and when I received no response I informed the Administration that they were violating my civil rights and that I would file a complaint in the U.S. District Court alleging this violation and that I would prefer to resolve the issue without doing so. I received no response and therefore filed my original complaint.

8. KCCF's dietary policy, of not providing any type of religious diets, is an outlier among American correctional facilities. The Federal Bureau of Prisons ("BOP") and most state department of corrections, including the Michigan Department of Corrections ("MDOC") as well as many county jail facilities throughout the country and some in the State of Michigan offer kosher and other meal options to all inmates with a religious basis for eating kosher or other dietary requirement of their religious faith.

9. I seek declaratory and injective relief to remedy Defendant's violations of the law, and to ensure that KCCF implements substantial and sustainable reforms that guarantee the religious freedoms protected by RLUIPA.

10. I seek punitive damages against KCCF for having full knowledge of my rights under RLUIPA and denying me kosher meals or an acceptable alternative.

11. I seek compensatory relief for my excessive weight lose and vitamin deficiency as well as the psychological stress associated with being forced to violate my religious beliefs on a daily basis during my 10 months of incarceration at KCCF.

## DEFENDANTS

12. Defendant Under Sheriff of KCCF is the ultimate decision maker with authority to approve all KCCF policies, including its dietary policies. The current Under Sheriff of KCCF is Jon Hess, who is being sued in his official and personal capacity. The captain of KCCF operations is Captain Randy Demory, who signed the Aramark Religious Meals Policy, and played a role in denying a religious diet to me and other inmates at KCCF, and is being sued in his official and personal capacity.

13. KCCF receives federal funding as well as funding from the State of Michigan and is an "institution" within the meaning of 42 U.S.C.~2000cc-1(a) and 42 U.S.C.~1997, therefore is required to comply with federal and state standards and laws.

## JURISDICTION AND VENUE

14. This court has jurisdiction over this action pursuant to 28 U.S.C. ~1331 and ~ 1345.

15. I am authorized to initiate this action against Defendants under RLUIPA, 42 U.S.C. ~2000cc-2(f).

16. The declaratory and injunctive relief sought by plaintiff is authorized by 42 U.S.C. ~2000cc-2(f) and 28 U.S.C. ~ 2201 and ~ 2202. Punitive and compensatory relief is also addressed under the U.S.C.

17. Venue is proper in U.S. District Court for the Western District of Michigan Southern Michigan pursuant to 28 U.S.C. ~1391(b). Defendants operate KCCF, located in the State of Michigan, County of Kent and the City of Grand Rapids. Defendants incarcerate in the KCCF inmates who desire and have desired to keep kosher as well as adhere to other religious dietary requirements of their faith; and all of the events, actions, lack of actions, omissions giving rise to this claim have occurred in the KCCF.

## FACTUAL ALLEGATIONS

18. KCCF's refusal to provide kosher meals and other religiously appropriate meals violates and has violated the federal rights of its inmate population, including the plaintiff. KCCF's dietary policies force inmates, with a religious basis for consuming kosher and other religious based meals, to violate their core religious beliefs on a daily basis.

19. The substantial burden that the KCCF dietary policy imposes on its inmate population is not necessary to achieve any compelling state interest. Religious diets have not constituted a "threat to the security and/or the well order of the institution" as evidenced by the Federal Bureau of Prisons, the Michigan Department of Corrections and most other correctional facilities throughout the country which, in fact, offer kosher and other religious diets while still achieving governmental interests indistinguishable from those of KCCF's.

20. KCCF further demonstrated that it can comply with the religious meals out lined in Aramark's Religious Meals Manual as it had been doing so up until the Defendants decided to discontinue plaintiff's religious diet on July 13th, 2012 and later discontinued all religious diets.

21. KCCF does not provide kosher or other appropriate religious meals.

22. KCCF offers no acceptable alternatives for inmates seeking to practice and sustain their religious dietary beliefs.

23. KCCF provides a variety of therapeutic diets, obtained through the medical department, and these meals are prepared in the KCCF's kitchen and are consistent with KCCF's compelling interests.

24. Adherence to kosher law requires that one follow the Jewish Laws of Kashrut, outlined in the Jewish Mishna, and is common knowledge among the Jewish Religion, an established major religion throughout the world, including the United States, the State of Michigan and the City of Grand Rapids.

25. Grand Rapids has several Jewish Rabbis who are willing to assist KCCF Administration in their understanding of kosher law as well as implement kosher meals at KCCF. KCCF Administration has made no attempts to secure their advice or assistance.

26. KCCF inmate grievance policy does not allow inmates to grieve jail policy, medical issues or violations of civil rights.

27. This complaint meets the burden of proof and fulfills the requirements outlined in 42 U.S.C. ~ 1983:
    a. This action fulfills the requirement of being against a "person" in that the Defendants acted in an "individual capacity" by implementing restrictions on its food service provider, which is something they are not entitled to in their "official capacity" which is judicial and custodial.
    b. The Defendants acted "under the color of law".
    c. The Defendants violated a federal constitutional right(s) and/or a right(s) under federal law.
    d. I, the plaintiff, was the recipient of the Defendant's actions and suffered because of it in both a physical and psychological manner.

## CLAIM FOR RELIEF: DEFENDANT'S DENIAL OF KOSHER AND OTHER RELIGIOUSLY APPROPRIATE MEALS VIOLATES RLUIPA

The plaintiff incorporates by reference the allegations set forth in paragraphs 1-27 and is fully set forth herein.

28. Defendants do not provide kosher or other appropriate meals to inmates in their custody who request the meals in accordance with their religious beliefs.

29. Defendants denial of kosher or other religiously appropriate meals constitutes a substantial burden on the religious exercise of prisoners in their custody, and that the denial of these meals is not the least restrictive means to further, secure or insure any compelling governmental interests.

30. Therefore, KCCF's refusal to provide religiously appropriate meals violates RLUIPA, 42 U.S.C. ~2000cc.

## PRAYER FOR RELIEF

RLUIPA authorizes the plaintiff to seek injunctive and declaratory relief for Defendants failure to provide a kosher diet to the plaintiff as well as not providing other religious diets to inmates requesting such. I also seek compensatory relief from the Defendants. By denying me a kosher diet and allowing other Christian inmates to continue to receive a diet, appropriate to their religious beliefs they acted in an "individual capacity" and can be sued as a "person". Therefore, I hold the Defendants liable for my weight loss, vitamin deficiency and psychological stress incurred during my 10 moths of incarceration at the KCCF in which I was denied a kosher or other appropriate religious diet.

Therefore, the plaintiff prays that the Court:
   a. Declare that the Defendants have violated the established provisions of RLUIPA by failing to provide the plaintiff with a kosher diet and provide others with appropriate religious diets upon request and who desire to exercise their religious beliefs.

   b. Order the Defendants, their officers, agents, employees, subordinates, contractors, successors in office, and all those acting in concert or participation with KCCF to provide nutritionally sound kosher as well as other religiously appropriate meals.

   c. Order such other relief as the interest of justice may allow and require.

Respectfully submitted by the plaintiff,

*Bradley K. Sleighter*

BRADLEY KEITH SLEIGHTER,
PLAINTIFF.

DATED: December3rd, 2012.