FILED - GR
January 8, 2013 11:59 AM
TRACEY CORDES CLERK
U S DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY_anm /_____ Scanned  AM / 1-8

# UNITED STATES OF AMERICA
# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

BRADLEY KEITH SLEIGHTER,

        Plaintiff.                                   Case No. 1:12-cv-0763


                                                    Honorable Janet T. Neff

v.


KENT COUNTY CORRECTIONAL FACILITY ADMINISTRATION,
UNDERSHERIFF JON HESS and CAPTAIN RANDY DEMORY,

          Defendants.


# MOTION TO QUASH
# SUBPOENA TO PRODUCE DOCUMENTS
# (SUBPOENA DUCES TECUM)
# IN PART
# AND BRIEF IN SUPORT OF

## STATEMENT OF FACTS


      1. I, the plaintiff, pro se, file this objection to the defendants "Subpoena Duces Tecum" from: Ricardo Garza, M.D., P.C., 2000 Burton St. SE, Grand Rapids, in compliance with Michigan. Federal Rules of Civil Procedure for the United States District Court, Rule 45(c)(2)(B).

      2. The Defendant(s), through their counsel, Varnum LLP, sent me a copy of the subpoena duces tecum served on Dr. Garza. The plaintiff acknowledges receipt of copy of subpoena in the mail in the a.m. on January 7, 2013.

      3. The Defendant(s) have commanded Dr. Garza "to produce at the time, date, and place set forth below the following  documents, electronically stored information, or objects, and

permit their inspection, copings, testing, or sampling of the material: Your entire medical record regarding Plaintiff Bradley Keith Sleighter".

## STATEMENT OF CLAIM

4. The Plaintiff does not dispute the defendant's right to subpoena information and/or documents in the above titled civil complaint under the provisions of discovery.

5. I claim that the defendants, through their attorneys, have failed to issue a subpoena duces tecum under the provisions of law to Dr. Garza.

    A. Subpoenas duces tecum must seek relevant evidence. Though, the rules of discovery allows a wide and far reaching scope to obtain information in a civil litigation the information sought must be relevant to the proceedings.

        1. Subpoenas must not be used for "fishing expeditions".

        2. Subpoenas must be deemed "Reasonable" in scope.

        3. Subpoenas must seek out only information in which exists, at the time the information is sought, a logical and relevant connection to the issues of dispute in the pending litigation.

        4. The subpoena duces tecum must not seek out information that has been produced after the commencement of litigation, in a civil case, in an attempt to produce facts that are not directly and reasonably connected to the alleged claims made in the original complaint.

        a. The use of the supbpoena duces tecum in discovery does not give any party "Carte Blanche" in any "fishing expeditions" under the guise of discovery.

        b. Though, the subpoena deuces tecum can be used to compel the production of protected or privileged medical records, the scope and content of these becomes very narrow and specific in range, especially in the case of, but not limited to, mental health, substance abuse, and HIV related records.

6. I allege that the defendants have violated their use of the subpoena duces tecum by commanding Dr. Garza "to produce ... the following documents, electronically stored information, or objects, and permit their inspection, copings, testing, or sampling of the material: Your entire medical record regarding Plaintiff Bradley Keith Sleighter".

    A. The information requested is:

1. Too broad in scope as it does not state a reasonable time period in which these documents were produced.

    a. Dr. Garza cannot be reasonably expected to produce medical records that may span up to 10 years or any unspecified time period.

    b. Dr. Garza cannot be expected to produce information stored electronically that is linked by a "Computer Network" shared by other healthcare providers in the treatment and diagnosis (including , but not limited to, X-rays, PET Scans, CAT Scans, MRIs, blood analysis results[especially in the case of: HIV, HCV, STD, results]) of the Plaintiff.

2. Specifically pertaining to:

    a. Substance abuse and/or treatment.

    b. Mental health diagnosis and/or treatment.

    c. Other "Special Designated" information exempt from discloser.

7. Dr. Garza cannot be compelled, by subpoena, to divulge information that is protected by "Doctor Patient Confidentiality" or designated "Privileged or protected". This meets the qualifications to "Quash or Modify a Subpoena" under FRCP, 45(c)(3)(A)(iii).

8. Dr. Garza is a local physician who has a small office staff and cannot be expected to spend time and resources reviewing medical records to determine what he is legally allowed to or not allowed to release. He cannot be expected to have the detailed legal knowledge required to perform such a task, and certainly he cannot be expected to have legal assistance to aid him in this complex issue. This would "subject a person to undue burden" and establish the requirement to "Quash or Modify a Subpoena" under FRCP, 45(c)(3)(A)(iv).

9. The defendant can issue a subpoena duces tecum for documents which can be reasonable expected to relate to the "Statement of Facts" and/or "Statement of Claim" in the Complaint presently before the court and a matter of court record in the above titled case.

    A. Plaintiff's Complaint against the defendants is relatively narrow in scope and raises the following:

1. Violation of religious rights.

    a. Denial of kosher diet or appropriate alternative.

2. That he suffered physical damages.

    a. Weight loss.

        b. Malnutrition.

        c. Hunger.

    3. That he suffered psychological distress:

        a. as a result of physical hardships imposed upon him by the defendants.

        b. as a result of an "undue burden" upon his sincerely held religious beliefs.

    4. That the defendants are responsible and liable.

10. I claim that the defendant can only subpoena that which reasonably relates to the listed claims of the complaint.

11. I claim that the only information that Dr. Garza could provide is:

    A. Information on my weight.

    B. Information on my dietary practices.

12. I claim that I agree that the defendants are entitled to information just outline in claim # 10 A and B. I claim that no other information requested in the subpoena duces tecum of Dr. Garza is reasonable subjected to the provisions of law and court rulings.

13. I contacted, by phone, January 7th, 2013, at approximately 9:30 a.m., Dr. Garza's employee who is responsible for handling medical records and she stated she had, in fact, received the defendants request for Plaintiff's medical records. I stated to her that I was not going to give my permission to release my medical records, held by Dr. Garza, to the defendants. I explained to her that under the provisions of FRCP, Rule 45(d)(1)(D) and (d)(2)(A)(i)(ii),(B) that she can object to producing the requested materials. She stated that she did not know enough about the law and must comply with the subpoena duces tecum because it was issued by the U.S. District Court and would do so unless she received correspondence in writing that she did not need to comply. I informed her that I would file an objection with the court and keep her informed.

## CLAIM FOR RELIEF

14. I respectfully request that the court order the defendants to modify their subpoena duces tecum and request the information directly related to the claims made in the complaint against the defendants.

15. I respectfully request that the court warn the defendants about their liberal interpretation of federal case law and rules governing the use of subpoenas in federal civil proceedings.

16. I would ask that the defendants stop trying to test the Plaintiffs legal knowledge and cease wasting both the Court's time and the Plaintiff's time. This is the second time that the Plaintiff has had to file a motion in objection to the defendants "lackadaisical" attitude towards the preparation of their subpoenas duces tecum.

Dated: January 8, 2013

*Brad Sleighter*

BRADLEY KEITH SLEIGHTER