UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRADLEY SLEIGHTER,

    Plaintiff,                                               Hon. Janet T. Neff

v.                                                             Case No. 1:12-CV-763

KENT COUNTY JAIL
ADMINISTRATION, et al.,

    Defendants.
_____/

## ORDER

This matter is before the Court on <u>Plaintiff's Motion to Quash</u>. (Dkt. #24). For the reasons discussed below, Plaintiff's motion is **granted in part and denied in part**.

Plaintiff initiated this action on July 24, 2012, against the Kent County Jail Administration, the Kent County Correctional Facility Administration, and two individuals. On November 30, 2012, the Court entered a Case Management Order which, in part, permits the parties to engage in discovery as permitted by the Federal Rules of Civil Procedure. According to Plaintiff, on or about January 7, 2013, Defendants issued a subpoena to non-party Dr. Ricardo Garza requesting that he produce his "entire medical record regarding Plaintiff Bradley Keith Sleighter."[1] Plaintiff now moves to quash this subpoena on the ground that his medical records are privileged and irrelevant.

In his First Amended Complaint, Plaintiff alleges the following. (Dkt. #16). Plaintiff, an adherent of the Jewish faith, has been incarcerated at the Kent County Correctional Facility for

---

[1] Defendants acknowledge in their response to the present motion that they have issued a subpoena to Dr. Garza requesting that he produce Plaintiff's medical records.

approximately 10 months. During this time, officials employed by the Kent County Correctional Facility have refused Plaintiff's requests to receive kosher meals in violation of his rights under the Religious Land Use and Institutionalized Persons Act (RLUIPA). Plaintiff seeks declaratory and injunctive relief, as well as "such other relief as the interest of justice may allow and require."[2] Plaintiff also asserts, however, that "[d]uring my 10 months of incarceration I suffered documented substantial weight loss, documented vitamin deficiencies, and psychological distress as a result of being denied kosher meals." Plaintiff further alleges that his right to practice his religion has been unlawfully burdened because he has been forced to "choose between his religious practice and adequate nutrition."

In relevant part, RLUIPA prohibits any government from imposing a "substantial burden on the religious exercise" of a prisoner, unless such burden constitutes the least restrictive means of furthering a compelling governmental interest. 42 U.S.C. § 2000cc-1(a). As Plaintiff correctly notes, federal courts hold that a prisoner's right to practice his religion is substantially burdened under RLUIPA if he is compelled to choose between the tenets of his faith and adequate nutrition. *See, e.g., Hall v. Martin*, 2012 WL 1579334 at *7 (W.D. Mich., Mar. 29, 2012) (citations omitted). In light of the allegations in Plaintiff's complaint and the relevant legal standard, Plaintiff's RLUIPA claim clearly implicates his medical condition and any treatment he has received for such. Thus, Plaintiff's medical records are discoverable under Federal Rule of Civil Procedure 26. Such does not, however, authorize Defendants to obtain copies of Plaintiff's medical records absent Plaintiff's consent. *See, e.g., Bertrand v. Yellow Transportation, Inc.*, 2010 WL 2196584 at *1-2 (M.D. Tenn., May 28, 2010) ("Plaintiff has control over his medical records. . .[and] may determine who shall have access to them"); *Morris v.*

---

[2] The Court notes that Plaintiff cannot obtain monetary damages under RLUIPA. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) ("monetary damages are not available under RLUIPA").

*Lowe's Home Centers, Inc.*, 2012 WL 1073405 at *8 (M.D.N.C., Mar. 29, 2012) (same).  Likewise, Plaintiff cannot prosecute this matter without permitting Defendants to access his medical records.

Accordingly, before obtaining, from any individual or entity, copies of or access to Plaintiff's medical records, Defendants must first obtain from Plaintiff a properly executed release authorizing Defendants to obtain or gain access to such information.  In the event that Plaintiff declines to execute such a release, the undersigned will recommend that Plaintiff's claims be dismissed for failure to comply with this Court's discovery orders.

IT IS SO ORDERED.

Date:  January 16, 2013                                      /s/ Ellen S. Carmody
                                                             ELLEN S. CARMODY
                                                             United States Magistrate Judge