UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

BRADLEY KEITH SLEIGHTER,

        Plaintiff,        Case No. 1:12-cv-0763

v.        HONORABLE JANET T. NEFF

KENT COUNTY CORRECTIONAL
FACILITY ADMINISTRATION,
UNDERSHERIFF HESS and
CAPTAIN RANDY DEMORY,

        Defendants.

Bradley Keith Sleighter
Plaintiff,  In Pro Per
82 – 50th S.W., Apt. 323
Wyoming, MI 49548

Peter A. Smit (P278896)
Paul J. Greenwald (P25368)
VARNUM LLP
Attorneys for Defendants
Bridgewater Place, P.O. Box 352
333 Bridge Street NW (49504)
Grand Rapids, MI 49501-0352
(616) 336-6000

## BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

### I.    INTRODUCTION

Plaintiff Bradley Sleighter filed his First Amended Complaint on December 4, 2012 (Doc #16).  Plaintiff complains that Defendants violated the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000(cc) ("RLUIPA") by not offering him a Kosher or vegetarian meal while incarcerated at the Kent County Correctional Facility.  Plaintiff seeks

injunctive and declaratory relief, as well as compensatory relief.  As compensatory relief, Plaintiff seeks both physical damages and psychological stress (Plaintiff's First Amended Complaint, ¶ 11).

Plaintiff was released from the Kent County Correctional Facility on or about November 14, 2012.  As such, Plaintiff's claims for declaratory and injunctive relief are moot.  As to Plaintiff's claims for compensatory damages relating to both physical and emotional injuries, Plaintiff has consistently refused to release medical and other records directly relating to such alleged injuries, despite the Court's warning that non-cooperation will result in dismissal.

## II.     ARGUMENT

**A.     PLAINTIFF HAS FAILED TO COMPLY WITH THIS COURT'S ORDER.**

Plaintiff's deposition was noticed on December 18, 2012 (Doc #17), and set for January 10, 2013.  The Notice of Deposition **(Exhibit 1)** included a *duces tecum* for, in part, any and all psychological, psychiatric, or medical records which in any way substantiate Plaintiff's claim for mental and/or emotional damages.  In response, Plaintiff filed a "Motion to Quash Subpoena Duces Tecum," (Doc #18) arguing he did not have time to gather such records.  This Court ruled on the Motion by Order dated January 2, 2013 (Doc #22), requiring "Plaintiff must produce at his deposition all responsive documents which are within his possession or control."  Subsequent to noticing the deposition, on January 4, 2013, Defendants subpoenaed medical records from Dr. Ricardo Garza and Pine Rest Christian Mental Health Services.  Plaintiff filed a "Motion to Quash Subpoena to Produce Documents" on January 8, 2013 (Doc #24), seeking to quash the Subpoenas as among other things, "fishing expeditions."  This Court ruled on the Motion to Quash by Order dated January 16, 2013 (Doc #27), requiring Defendant to first obtain a release from Plaintiff before obtaining any medical records, and stating further:

> "In the event that Plaintiff declines to execute such a release, the undersigned will recommend that Plaintiff's claims be dismissed for failure to comply with this Court's discovery orders."

Plaintiff's deposition was taken on January 10, 2013. At his deposition, he was asked to sign medical releases for Dr. Ricardo Garza, Pine Rest Christian Mental Health Services, and Dr. Amat **(Exhibit 2)**. At his request, two of the releases were limited in time from January 1, 2002, through January 10, 2012. He refused to sign the release for Dr. Garza, signed the release for Pine Rest Christian Mental Health Services, and signed the release for Dr. Amat. Shortly after sending the release to Pine Christian Mental Health Services, counsel for Defendant was informed that Mr. Sleighter had called Pine Rest Christian Mental Health Services and revoked any consent to release records.

On January 17, a letter and medical release forms were mailed to Plaintiff **(Exhibit 3)** by first-class mail, to be executed and returned to the Defendants within seven days. As of the date of this Motion, the Plaintiff has not complied with the Court's discovery Order (Doc #27). Instead, Plaintiff sent a letter dated January 29, 2013 **(Exhibit 4)**, addressed to counsel for Defendants. The letter, for all practical purposes, says Plaintiff will not comply with the Court's Order, and asserts that the Plaintiff is the sole arbitrator of relevancy and admissibility of evidence.

The medical and psychiatric records sought are relevant, in that Plaintiff has put both his medical and psychiatric/psychological history at issue and seeks compensatory damages for both in his First Amended Complaint (Doc #16). The records of his treating physicians, psychologists, psychiatrists, and counselors will show what, if any, other issues he has dealt with and is dealing with that can affect his emotional status, as well as show a history of his weight

and weight fluctuations, medications prescribed, and any other health problems affecting his physical well-being. F.R.E. 501, dealing with privilege, states:

> In a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision.

F.R.E. 501

The longstanding rule, under Michigan state law, is once a Plaintiff puts his or her medical condition at issue in a lawsuit seeking compensatory damages, their medical history is "fair game." Specifically, MCR 2.314 states:

> (A)(1) When a mental or physical condition of a party is in controversy, medical information about the condition is subject to discovery under these rules to the extent that
>     (a) the information is otherwise discoverable under MCR 2.302(B), and
>     (b) the party does not assert that the information is subject to a valid privilege.
>
>                       \* \* \* \*
>
> (2) Unless the court orders otherwise, if a party asserts that the medical information is subject to a privilege and the assertion has the effect of preventing discovery of medical information otherwise discoverable under MCR 2.302(B), the party may not thereafter present or introduce any physical, documentary, or testimonial evidence relating to the party's medical history or mental or physical condition.

Thus, if the Plaintiff is asserting privilege for his medical or psychiatric/psychological records, he may not introduce any evidence in support of claims for compensatory damages and obviously will be unable to prove such a claim or be awarded damages for such alleged injury or damage. It is abundantly clear by the Plaintiff's testimony at his deposition, and his conduct following the deposition, that Plaintiff is asserting privilege regarding such records, and undertaking whatever means necessary (including telephoning medical providers) to block their release.

4

This Court should dismiss Plaintiff's Complaint for these reasons on two grounds. First, Plaintiff has no damages, since he can no longer assert either mental or physical injury from the alleged wrongful acts of Defendants. Second, and more importantly, Plaintiff was warned by this Honorable Court on January 16, 2013:

> In the event that Plaintiff declines to execute such a release, the undersigned will recommend that Plaintiff's claims be dismissed for failure to comply with this Court's discovery orders.

Order (Doc #27).

In the face of such admonition from the Court, Plaintiff continues to only release such information regarding his condition as he sees fit.

**B.     PLAINTIFF'S CLAIM FOR INJUNCTIVE RELIEF IS MOOT AND MUST BE DISMISSED.**

The Plaintiff seeks injunctive relief from this Court in the form of orders requiring the Defendant to serve meals of a nature and type demanded by the Plaintiff to satisfy his interpretation of religious standards. However, this request for injunctive relief is moot in that the Plaintiff was released from the Kent County Correctional Facility on November 14, 2012, and such injunctive relief as requested would provide no relief or benefit to the Plaintiff as he is no longer an inmate of the Facility. *Cockcroft v Kirkland*, N.D. Cal. 2008, 548 F. Supp. 2d 767; *Smith v Cooper*, C.A. 7 (Ill.) 2003, 83 Fed Appx. 837, 2003 WL 23095527. It is well settled that injunctive relief is not granted and is a moot claim when a person is no longer an inmate at a jail or facility against which he seeks injunctive relief.

### III.     CONCLUSION

Plaintiff is no longer incarcerated at the Kent County Correctional Facility. He no longer has an interest in what meals are served at the Facility, and refuses to comply with this Court's Orders and allow access to his medical and psychiatric records directly relating to his claim of

physical and emotional injury. As such, Defendants request that this Court dismiss Plaintiff's Complaint with prejudice.

                                      Respectfully submitted,

                                      VARNUM LLP
                                      Attorneys for Defendants

Dated: February 13, 2013        By:   /s/ Peter A. Smit_____
                                      Peter A. Smit (P27886)
                                      Paul J. Greenwald (P25368)
                                Business Address and Telephone:
                                      Bridgewater Place, P.O. Box 352
                                      Grand Rapids, Michigan 49501-0352
                                      (616) 336-6000

## CERTIFICATE OF SERVICE

     I certify that on February 13, 2013 the foregoing document was served on Bradley Keith Sleighter, by placing a true and correct copy in the United States mail, postage prepaid, to his address of record at 82 - 50th S.W., Apt. 323, Wyoming, MI 49548.

                                      By:   /s/ Peter A. Smit_____
                                              Peter A. Smit (P27886)
                                    Business Address & Telephone:
                                        Bridgewater Place, P.O. Box 352
                                        Grand Rapids, MI 49501-0352
                                        (616) 336-6000

*5847235\_1.DOCX*