FILED - GR
February 21, 2013 2:29 PM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: anm / ____ Scanned: AM / 2-21

# UNITED STATES OF AMERICA
## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

BRADLEY KEITH SLEIGHTER,

      Plaintiff,                                     Case No. 1:12-cv-0763
                                                        Honorable Janet T. Neff

v.

KENT COUNTY CORRECTIONAL FACILITY
ADMINISTRATION,
UNDER SHERIFF HESS and
CAPTAIN RANDY DEMORY,

      Defendants.

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISSMISS

### Including Supporting Brief

      1. Defendants claim that "Plaintiff has failed or refused to comply with the discovery orders of the Court (Doc. # 27), (FRCP 37)."

          A. Plaintiff claims that he has neither "failed nor refused to comply with the discovery orders of the Court" or Rule 37 of Federal Rules of Civil Procedure (FRCP).

          B. Plaintiff claims that the period for discovery has not been terminated by court order and therefore Plaintiff still has "opportunity to comply" with any discovery order issued by the Court. Therefore the Plaintiff respectfully requests that the Court deny the "Defendants' Motion to Dismiss" and allow parties to reach concurrence according to Local Rule 7.1(d) or through further clarification as to what is "relevant" and "subject to discovery" in this case.

              (1). Local Rule 7.1(d) **Attempt to obtain concurrence** - With respect to all motions, the moving party shall ascertain whether the motion will be opposed. In addition, in the case of all discovery motions, counsel or pro se parties involved in the discovery dispute

shall confer in person or by telephone in a good-faith effort to resolve each specific discovery dispute. All motions shall affirmatively state the efforts of the moving party to comply with the obligation created by this rule.

    a. Plaintiff alleges Defendants have failed to comply with Local Rule 7.1(d) and therefore respectfully requests the Courts to deny "Defendants' Motion to Dismiss" for said failure to comply with the Local Rule which states: "<u>All motions shall affirmatively state the efforts of the moving party to comply with the obligation created by this rule</u>."

  C. Plaintiff has attempted clarification of discovery orders in this case.

   (1). Plaintiff filed "Motion to Quash Subpoena to Produce Documents in Part" (Docket Number 24).

    a. Plaintiff's relies on the argument presented in "Motion to Quash Subpoena to Produce Documents in Part" (Docket Number 24) and also applies its argument, in whole and/or in part, as a response to "Defendants' Motion to Dismiss", (Docket No. 29).

   (2). Plaintiff has attempted concurrence with Defendants' attorney, Peter A. Smit, with a written letter (Exhibit #1), dated 1/29/2013, in which the Plaintiff outlines his position on the Courts' "Order on Motion to Quash" (Docket Number 27). Plaintiff offered Defendants' attorney the opportunity to seek concurrence in accordance with Local Rule 7.1(d) without filing a motion and therefore Plaintiff requests that the "Defendants Motion to Dismiss" be denied and that the Defendants be encouraged to seek concurrence in this matter [Local Rule 7.1(d)].

    a. Defendants' attorney, Peter A. Smit, failed to attempt concurrence with Plaintiff before filing "Defendants' Motion to Dismiss" (Docket Number 29).

  D. Defendants' attorney failed to interpret the Courts "Order on Motion to Quash" (Docket No. 27) correctly.

   (1). The court responded with the following wording (page 2) in "Order on Motion to Quash" (Doc. No. 27) with, "In light of the allegations in Plaintiff's complaint and the *relevant legal standard*, Plaintiff's RLUIPA claim clearly *implicates* his medical condition and any treatment he *has received for such*. Thus, Plaintiff's records are discoverable under Federal Rule of Civil Procedure 26."

    a. The phase "In light of the allegations in the Plaintiff's complaint…" which would be my claim number 3 of "First Amended Complaint" (Doc. No. 16): "During my 10 months of incarceration I suffered documented substantial <u>**weight loss,**</u> documented <u>**vitamin deficiencies**</u>, and <u>**psychological distress**</u> as a result of being denied kosher meals."

(a). Defendants argue that the above phrase "psychological distress" implies psychiatric/psychological history. Plaintiff claims that "psychological distress" is defined as: "The end result of factors[1]–eg, psychogenic pain[2], internal conflicts[3], and external stress[4] that prevent a person from self-actualization[5] and connecting with 'significant others'."[6]

(aa). Plaintiff claims that this definition concurs with the definition of the "undue burden" clause of "RLUIPA" and does not imply any "psychiatric/psychological history" and is not defined by or recognized as a psychiatric/psychological" term, or mental illness used, or defined by or in the **Diagnostic and Statistical Manual of Mental Disorders, Fourth Edition (DSM-IV).**[7]

b. The phrase "*implicates* his medical condition and any treatment he has received *for such*" means my medical condition at the time of my incarceration and any treatment for said medical condition; which means any treatment in jail and after my release pertaining to my claim. It does not imply, or mean treatments that I received for other conditions, unrelated to the claims of Plaintiff's "First Amended Complaint" and especially treatments that date back 10 years ago or to any other unspecified time.

E. Plaintiff has clearly complied and is in the process of complying with the Courts' order concerning discovery.

---

[1] In this case "factors" would be the Defendants denial of Plaintiffs' right to "free exercise of religion" by denying him kosher meals while incarcerated.

[2] **Psychogenic pain**, is physical pain that is caused, increased, or prolonged by mental, emotional, or behavioral factors. Headache, back pain, or stomach pain (as from hunger pains) are some of the most common types of psychogenic pain. It may occur, rarely, in persons with a mental disorder, but more commonly it accompanies or is induced by social rejection, broken heart, grief, love sickness, or other such emotional events. (Taken from: Wikipedia [Internet Source]).

[3] "Internal conflicts" created when one must choose between his religious beliefs and his nutritional needs.

[4] "External Stress" is clearly evident by Plaintiffs' frustration with the Defendants' failure to comply with the law by not following state and federal standards as well as their own food service provider's policies regarding religious diets.

[5] Self-actualization' is a term that has been used in various psychology theories, often in slightly different ways. The term was originally introduced by the theorist Kurt Goldstein for the motive to realize one's full potential. The concept was brought most fully to prominence in Abraham Maslow's hierarchy of needs theory as the final level of psychological development that can be achieved when all basic and mental needs are essentially fulfilled and the "actualization" of the full personal potential takes place. (Taken from: Wikipedia [Internet Source]).

[6] McGraw-Hill Concise Dictionary of Modern Medicine. © 2002 by The McGraw-Hill Companies, Inc.

[7] Psychiatric Diagnoses are categorized by the Diagnostic and Statistical Manual of Mental Disorders, 4th. Edition. Better known as the DSM-IV, the manual is published by the American Psychiatric Association and covers all mental health disorders for both children and adults.

(1). I will not allow the release of "physician's complete office chart" from Dr. Campbell since those records were generated prior to July 27th, 2008; there can be no connection of these medical charts to my current claim. I will however allow the release of any reference in the records to my *dietary habits* and my *weight,* even though I don't see that there is a relevant connection to my claim. I do believe that this information would do more to support my claim than to harm it. After talking to Dr. Campbell's staff they informed me that searching my files for this information would be an "undue burden" upon them and they said Dr Campbell most likely would not have charted such information other than my weight.

(2). Concerning the Pine Rest records and Dr. Garza's records I will allow the same information to be released and will make arrangements to do so.

a. It should be noted that originally Defendants attempted to obtain records from Pine Rest Christian Hospital that dated back to before 1970 (see Plaintiff's letter denying access to said records [Exhibit #2]). The Plaintiff claims that such records are not relevant to the claims outlined in the "First Amended Complaint" and are not discoverable as Plaintiff is not claiming a "mental illness" resulted from the Defendants denial of a kosher diet. Exhibit #2 clearly states that if the "Defendants are able to comply with the requirements of a proper request" then Plaintiff would consider their release.

(3). Plaintiff is giving permission to release all medical and psychological records that were generated during his incarceration at the Kent County Jail between January 16th, 2012 and November 15th, 2012. I believe the Defendants' attorney already have these records; therefore this is a *moot* issue.

(4). I have already given permission to release medical and psychological records generated after my release from jail. Any future records generated will be released voluntarily.

2. Defendants seek dismissal on the grounds that injunctive relief is not available to the Plaintiff.

A. Plaintiff claims that Defendants are not entitled to summary judgment and therefore are not entitled to dismissal on just one of the Plaintiff's claims for relief without considering all other alleged facts of the case.

(1). Dismissal and/or issuance of summary judgment can be based only upon the court's finding that:

a. there are **no** disputes of "material" fact requiring a trial to resolve, and

b. in applying the law to the undisputed facts, one party is clearly entitled to judgment.

(a). If "b" was only applied then the Plaintiffs' complaint would clearly prevail under "RLUIPA".

(2). Defendants' attorney filed for dismissal of case number 1:12-cv-0763 after Plaintiff sent him a letter seeking a "Proposed Settlement" prior to filing "Motion to Certify Case 1:12-cv-0763 as "Class Action" in which Plaintiff informed Defendants' attorney that if "Class Action" certification is granted it would allow *injunctive* and *declaratory* relief (see Exhibit #3). Instead of seeking concurrence or scheduling a settlement conference the Defendants' attorney filed "Defendants' Motion to Dismiss" (Doc. No. 29). I seek dismissal for Defendants' failure to "attempt to obtain concurrence" according to Local Rule 7.1(d).

B. Plaintiff will file "Motion to Certify Case 1:12-cv-0763 as 'Class Action'" on February 21st, 2013.

(1). If case number 1:12-cv-0763 is certified "Class Action" *injunctive* and *declaratory* relief are relevant claims of relief.

(2). Plaintiff has requested "Expedited Consideration" under Local Rule 7.1(e) for his "Motion to Certify Case 1:12-cv-0763 as 'Class Action'" so that "Defendants' Motion to Dismiss" will be *moot* if case 1:12-cv-0763 is certified as "Class Action".

3. The Defendants claim that the Plaintiff "cannot recover any damages or obtain a remedy" in this case and therefore it "should be dismissed". Plaintiff alleges all the above defenses to "Defendants' Motion to Dismiss" and relies upon them as a defense for this claim (#3) by the Defendants.

A. The Plaintiff seeks punitive damages and any other relief justice would provide outlined in his "First Amended Complaint". Therefore, there is relief the Plaintiff can realize as a result of this litigation and Defendants have overlooked this relief and dismissal on this claim (#3) is *moot*.

(1). "First Amended Complaint": 10. I seek **_punitive damages_** against KCCF for having full knowledge of my rights under RLUIPA and denying me kosher meals or an acceptable alternative.

B. Plaintiff also seeks **_compensatory relief_** from the Defendants. By denying me a kosher diet and allowing other Christian inmates to continue to receive a diet, appropriate to their religious beliefs they acted in an *"individual capacity"* and can be sued as a "person". Therefore, I hold the Defendants liable for my weight loss, vitamin deficiency and psychological distress incurred during my 10 months of incarceration at the KCCF in which I was denied a kosher or other appropriate religious diet.

## Applicable Legal Standard

  4. A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) requires the Court to determine whether a cognizable claim has been pled in the complaint. The basic federal pleading requirement is contained in Fed. R. Civ. P. 8(a), which requires that a pleading "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir. 1976); Erickson v. Pardus, 551 U.S. 89 (2007). A complaint survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Courie v. Alcoa Wheel & Forged Products, 577 F.3d 625, 629-30 (6th Cir. 2009), quoting Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

  5. A motion to dismiss is therefore a vehicle to screen out those cases that are impossible as well as those that are implausible. Courie, 577 F.3d at 629-30, citing Robert G. Bone, Twombly, Pleading Rules, and the Regulation of Court Access, 94 IOWA L. REV. 873, 887-90 (2009). A claim is facially plausible when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the conduct alleged. Iqbal, 129 S.Ct. at 1949. As the Supreme Court explained, " While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. at 1950.

  6. The admonishment to construe the plaintiff's claim liberally when evaluating a motion to dismiss does not relieve a plaintiff of his obligation to satisfy federal notice pleading requirements and allege more than bare assertions of legal conclusions. Wright, Miller & Cooper, Federal Practice and Procedure: § 1357 at 596 (1969). "In practice, a complaint . . . must contain either direct or inferential allegations respecting all of the material elements [in order] to sustain a recovery under some viable legal theory." Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1106 (7th Cir. 1984), quoting In Re: Plywood Antitrust Litigation, 655 F.2d 627, 641 (5th Cir. 1981); Wright, Miller & Cooper, Federal Practice and Procedure, § 1216 at 121-23 (1969). The United States Court of Appeals for the Sixth Circuit clarified the threshold set for a Rule 12(b)(6) dismissal: [W]e are not holding the pleader to an impossibly high standard; we recognize the policies behind Rule 8 and the concept of notice pleading. A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim.

## PRAYER FOR RELIEF

  7. The Plaintiff, pro se, in forma pauperis, respectfully petitions the Court to dismiss the "Defendants' Motion to Dismiss" (Docket Number 29) based on the above detailed defenses.

      8. Further order the Defendants to" attempt to obtain concurrence" prior to filing further meritless motions.

      9. That the Court would consider Local Rule 16.2 **Alternative Dispute Resolution**, for case number 1:12-cv-0763:
      (a) ADR favored - The judges of this District favor alternative dispute resolution (ADR) methods in those cases where the parties and the Court agree that ADR may help resolve the case. The ADR methods approved by these rules include Voluntary Facilitative Mediation (LCivR 16.3); Early Neutral Evaluation (LCivR 16.4); Case Evaluation (LCivR 16.5); Summary Jury Trials, Summary Bench Trials (LCivR 16.7); and Settlement Conferences (LCivR 16.8). In addition, the Court will consider other ADR methods proposed by the parties.

      10. That the Court would allow any other remedies in the interests of justice and to advance the progress of this case.

Dated: February 21th, 2013.

*Bradley K. Sleighter*
Bradley Keith Sleighter
*82 50th Street SW, Apt. 323*
*Wyoming, Michigan 49548*

*Phone: (616) 805-0885*
*Email: bradsleighter@gmail.com*