CASE NUMBER 1:12-CV-0763

# EXHIBIT #1

## Letter to Defendants' Attorney

Peter A. Smit
VARNUM LLP

Letter from the Plaintiff to the Defendants' attorney in response to "Request for Production of Medical Charts".

Brad Sleighter
82 50th Street S.W., Apt. 323
Wyoming, Michigan 49548

Phone: (616) 805-0885

Peter A. Smit
Varnum LLP
P.O. Box 352
Grand Rapids, Michigan 49501-0352

January 29, 2013

Dear Sir:

Re: Position on Requests for Production of Medical Charts

    Without having to file a motion for the court to clarify the response to my motion (Docket # 24) to quash subpoena for medical records I will attempt to explain my position.
    The court responded with the following wording (page 2) "In light of the allegations in Plaintiff's complaint and the *relevant legal standard*, Plaintiff's RLUIPA claim clearly *implicates* his medical condition and any treatment he *has received for such*. Thus, Plaintiff's records are discoverable under Federal Rule of Civil Procedure 26."
    The phase "In light of the allegations in the Plaintiff's complaint..." which would be my claim number 3 of amended complaint: "During my 10 months of incarceration I suffered documented substantial **weight loss,** documented **vitamin deficiencies**, and **psychological distress** as a result of being denied kosher meals."
    The sentence continues "and *the relevant standard*" which would mean discovery is relevant to my claim; stated in the prior paragraph.
    The phrase "*implicates* his medical condition and any treatment he has received *for such*" means my medical condition at the time of my incarceration and any treatment for said medical condition; which means any treatment in jail and after my release pertaining to my claim.
    Therefore, I will not allow the release of "physician's complete office chart" from Dr. Campbell since those records were generated prior to July 27th, 2008; there can be no connection of these medical charts to my current claim. I will however allow the release of any reference in the records to my *dietary habits* and my *weight*, even though I don't see that there is a relevant connection to my claim. I do believe that this information would do more to support my claim than to harm it. After talking to Dr. Campbell's staff they informed me that searching my files for this information would be an "undue burden" upon them and they said Dr Campbell most likely would not have charted such information.
    Concerning the Pine Rest records and Dr. Garza's records I will allow the same information to be released and will make arrangements to do so.

Otherwise, I am giving permission to release all medical and psychological records that were generated during my incarceration at the Kent County Jail between January 16th, 2012 and November 15th, 2012. I believe you already have these records; therefore this is a *moot* issue.

Also, I have already given permission to release records generated after my release from jail. Any future records generated I will release voluntarily.

You made a footnote in your "Response to Plaintiff's Motion to Quash Subpoena..." that the plaintiff has not served Defendants Hess or Demory. According to <u>FRCP Rule 5  Serving and Filing Pleadings and Other Papers:</u>

(b) Service: How Made.

(1) *Serving an Attorney.* **<u>If a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party</u>**.

Unless I misunderstand this and numerous other federal legal references it is felt that I have complied with the fulfillment of the serving requirement. If this is a problem please let me know and please cite the reference.

Thank you for your time and consideration.

Sincerely,

*Bradley K Sleighter*
Bradley Keith Sleighter