CASE NUMBER 1:12-CV-0763

# EXHIBIT # 3

---

## Letter to Defendant's Attorney

**Peter A. Smit**

**VARNUM LL**

The enclosed letter was sent to the Defendant's attorney attempting to seek concurrence in accordance with Local Rules of Civil Practice and Procedure, U.S. District Court for the Western District of Michigan, Rule 7.1 (d) "Attempt to obtain concurrence".

Brad Sleighter
82 50th Street S.W., Apt. 323
Wyoming, Michigan 49548

Phone: (616) 805-0885

Peter A. Smit
Varnum LLP
P.O. Box 352
Grand Rapids, Michigan 49501-0352

February 3rd, 2013

Dear Sir:

Re: Proposed Settlement

 Upon review of my First Amended Complaint, review of Federal Rules of Civil
Procedure (FRCP) Rule 23, review of federal case law, and feedback from local religious groups
who have a vested interest in the outcome of this complaint; I have decided to file a motion
requesting that my civil action against the Defendants qualify as a "class action" complaint. If
you review my complaint you will be able to discern the intended wording which qualifies my
complaint as a "class action" suite. The First Amended Complaint was written in a manner which
would allow it to be certified as "class action" at a later time.

 I also have at my disposal, upon leave of the court, the right to file a Second Amended
Complaint. In this complaint, upon approval of *class action* status, I will outline a complaint that
encompasses the dietary tenets of all established religions, which includes, but is not limited to
Judaism, Islam, Hinduism, Buddhism, Sikhism, Jainism, Seventh Day Adventist, Mormonism,
and other religions. These religions include the following diets: Edenic diet, a diet based on what
Adam and Eve are believed to have consumed in the Garden of Eden (usually either vegetarian
or vegan, and based predominantly on fruit). Hallelujah diet, a form of Christian vegetarianism
developed in the 1970s. The creators interpret a verse from the Bible as suggesting that
Christians should only consume seed bearing plants and fruits. Hindu and Jain diets, followers
of Hinduism and Jainism follow lacto-vegetarian diets, based on the principle of Ahimsa (non-
harming). Islamic dietary laws, Muslims follow a diet consisting solely of food that is halal –
permissible under Islamic law. The opposite of halal is haraam, food that is Islamically
Impermissible. Haraam substances include alcohol, pork, and any meat from an animal which
was not killed through the Islamic method of ritual slaughter (Dhabiha). I-tal, is a set of
principles which influences the diet of many members of the Rastafari movement. One principle

is that natural foods should be consumed. Some Rastafarians interpret I-tal to advocate vegetarianism or veganism. <u>Kosher diet</u>, food permissible under <u>Kashrut</u>, the set of Jewish dietary laws, is said to be Kosher. Some foods and food combinations are non-Kosher, and failure to prepare food in accordance with Kashrut can make otherwise permissible foods non-Kosher.  Word of Wisdom, the name of a section of the <u>Doctrine and Covenants</u>, followed by members of the Latter Day Saint movement (Mormons). Dietary advice includes only eating meat "in times of winter, or of cold, or famine".

In the current state of being the sole Plaintiff against the Kent County Correctional Facility (KCCF) it is unlikely that I could obtain *declaratory* and/or *injunctive* relief due to the fact that I am no longer incarcerated. Yet, by certifying this case as a "class action" suite I could join all currently incarcerated inmates with inmates that were released and not be exempt from *declaratory* and/or *injunctive* relief.

I may also request that the complaint filed by Saabir Abdullah (case no. 1:12-cv-00950) be joined in my request for *class action status;* as his case addresses the same interests. Islamic dietary law (halal) conforms closely to Jewish kosher law and Muslims can eat kosher food and be in accord with Islamic dietary requirement. This information can be verified by the "Israeli Prison System" in which Muslims and Jews are feed together. Of interest, it might be added that Muslim countries and Israel have been known to not extradite individuals to jurisdictions that do not accommodate its incarcerated population with religious diets. **<u>Israeli judge: U.S. fugitive cannot be deported unless Florida prisons provide kosher food</u>**. Jerusalem District Court Judge Ben-Tzion Greenberger on Sunday ruled that <u>Lawrence Seth Wayne</u>, who had been sentenced by a Florida court to 19 years in prison for the 1998 road accident, could not be extradited to a state that would violate his right to practice his <u>religion</u>.

Without outlining my entire argument, and federal case law, in support of deeming my complaint as a "class action" suite it should suffice to say that I now have a lot more resources at my disposal as well as time to invest in winning this case. I am more interested in *declaratory* and *injunctive* relief which I see as a reasonable result of a *class action certification*. Therefore, I foresee this as becoming a lengthy and costly litigation for the Defendants.

I am writing before the filing of the "Motion to Certify Case 1:12-cv-0763 as Class Action". Once the case is certified "class action" I will not be at liberty to settle this issue as easily as I can now. I am offering the defendants an opportunity to make a settlement offer. Please inform your clients that I am prepared to carry this issue all the way to the United States Supreme Court assuming the Defendants appeal the lower court's decisions that favor my position.

The question of class certification is a procedural one distinct from the merits of the action. *Pickett v. IBP, Inc.*, 182 F.R.D. 647-49 (MD Ala. 1998) *citing Garcia v. Gloor*, 618 F.2d 264 (5th Cir 1980). Plaintiffs need not establish their own case on the merits before a

determination of class certification is made by the court. *Eisen v Carlisle & Jacquelin,* 417 U.S. 156, 94, S.Ct 2140, 40 L.Ed 732 (1974). In evaluating a motion for class certification, **courts should generally take the plaintiffs' allegations as true.** *See Hardin v. Harshburger,* 814 F. Supp. 703, 706 (ND Ill 1993).

If this case is certified as "class action", as I believe it will be, it could prove to be considered news worthy as both my original complaint and the original complaint of Saabir Abdullah made international news and my suite was featured in "The Times of Israel".

I will also add:

Federal Rules of Civil Procedure

**Rule 23. Class Actions (g) Class Counsel,** (1) *Appointing Class Counsel.* Unless a statute provides otherwise, a court that certifies a class **must appoint class counsel**.

Considering the above information I would hope to hear from you, concerning your client's intentions, within 7 business days of the receipt of this letter.

Sincerely,

Brad Sleighter