FILED - GR
March 5, 2013 10:09 AM
TRACEY CORDES, CLERK
U S DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY ald / ____ SCANNED BY MS 3/5

UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRADLEY KEITH SLEIGHTER,

        Plaintiff,

                                                  Case No. 1:12-cv-0763

                                                  Honorable Janet T. Neff

v.

KENT COUNTY CORRECTIONAL FACILITY
 ADMINISTRATION,
UNDERSHERIFF JON HESS and
 CAPTAIN RANDY DEMORY,

        Defendants

## PLAINTIFF'S RESPONSE TO DEFENDANTS' "AMENDED REQUEST TO DELAY CONSIDERATION OF CLASS ACTION STATUS"

## STATEMENT OF FACTS

    1. Plaintiff has clearly complied with the Local Rules of Practice and Procedure, United States District Court, for the Western District of Michigan in his "Expedited Consideration Requested" for "Motion To Certify Case 1:12-cv-0763 as 'Class Action'".

    2. Local Rule 7.1(e) is as follows: **Motion for expedited consideration**- Where the relief requested by a motion may be rendered moot before the motion is briefed in accordance with the schedules set forth herein, the party shall so indicate by inserting the phrase "EXPEDITED CONSIDERATION REQUESTED," in boldface type… and shall identify in the motion the reason expedited consideration is necessary.

    A. Defendants have filed a Motion to "Delay Consideration of Class Action Status" based on the argument that they filed a Motion to Dismiss on February 13th, 2013 (Doc # 29 and 30).

  3. Plaintiff argues that "Expedited Consideration Requested" for "Motion to Certify Case 1:12-cv-0763 as 'Class Action'" is to be ruled on before Defendants' "Motion to Dismiss" for the following reasons:

    A. Plaintiff, in his "First Amended Complaint", filed and entered, December 4th, 2012, clearly worded the complaint to include a "class" and clearly argues for such a "class". It is respectfully requested that, in light of such consistent wording in the "First Amended Complaint" and the supporting claims therein, the court consider it as the starting point, and foundation, for which the Plaintiff indicates his intentions of seeking certification of case number 1:12-cv-0763 as "Class Action".

    B. Plaintiff argues that *if* the "Defendants Motion to Dismiss" is granted then his "Motion to Certify case number 1:12-cv-0763 as 'Class Action'" would be *moot*; therefore "Expedited Consideration Requested" is appropriate under Local Rule 7.1(e) which states: "Where the relief requested by a motion may be rendered *moot* before the motion is briefed in accordance with the schedules set forth herein, the party shall so indicate by inserting the phrase 'EXPEDITED CONSIDERATION REQUESTED,' in boldface type... and shall identify in the motion the reason expedited consideration is necessary."

      (1) Plaintiff has complied and has fulfilled the above requirements in paragraph 2a of his "Expedited Consideration Requested" for "Motion to Certify Case 1:12-cv-0763 As 'Class Action'" (Doc. #31).

  4. Plaintiff further argues in "<u>PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISSMISS</u>" (Doc. #33), paragraph 2B(2), "Plaintiff has requested "Expedited Consideration" under Local Rule 7.1(e) for his "Motion to Certify Case 1:12-cv-0763 as 'Class Action'" so that "Defendants' Motion to Dismiss" (Doc. # 29) will be *moot* if case 1:12-cv-0763 is certified as 'Class Action'".

    A. Thus, Plaintiff suggests that the Defendants, by and through their attorneys, Peter A. Smit and Paul J. Greenwald, have simply copied Plaintiff's argument (above #4.) and are attempting to use it in reverse and use it to their advantage. Unfortunately, they are lacking citations of any Local Rules, any FRCP, case law or any other legal standard which would compel the court to hear their "Amended Request to Delay Consideration of Class Action Status" before ruling on Plaintiff's "Expedited Consideration Requested" for "Motion to Certify Case 1:12-cv-0763 As 'Class Action'" (Doc #31).

(1) Whereas, Plaintiff clearly cites Local Rule 7.1(e) in support of his "Expedited Consideration Requested" and fully fulfills the requirements of the rule.

(2) Plaintiff claims that the Defendants' "Amended Request to "Delay Consideration of Class Action Status" lacks technical and legal sufficiency to sustain a ruling to "Delay" or to "Stay" the "Expedited Consideration Requested" of Plaintiff's "Motion to Certify Case 1:12-cv-0763 as 'Class Action'".

(3) Plaintiff further claims that the "Request to Delay" or "Stay Pending the Disposition of a Motion" would prejudice the outcome of Plaintiff's "Motion to Certify Case 1:12-cv-0763 as 'Class Action'" and would not serve the interests of Justice for all interested parties, including the US Department of Justice;

a. as the Plaintiff's "Motion to Certify Case 1:12-cv-0763 as 'Class Action'" meets all the requirements of Rule 23 of FRCP, and it is believed that it will be "Certified as 'Class Action'".

b. Plaintiff claims under the provisions of RLUIPA he will indisputably prevail as well.

## APPLICABLE LEGAL STANDARD

5. Defendants have filed an "Amended Request to Delay Consideration of Class Action Status" in response to Plaintiff's "Expedited Consideration Requested" for "Motion to Certify Case 1:12-cv-0763 As 'Class Action'" (Doc #31).

A. Plaintiff is unaware of any motion titled "Request to Delay Consideration of Class Action Status" and the Court Docket shows no such motion.

(1) Therefore, any Federal Rules of Civil Procedure that allows "amendments" to any papers filed or proceedings do not apply to Defendants' request because Defendants are not *amending* any legal papers that have been filed.

6. Defendants have used the phrase, in their motion, Docket Number 41, "...Request to Delay Consideration..." which is just a subversive way of requesting to "Stay Pending the Disposition of a Motion."

### A. Rule 62, of FRCP, Allows "Stay of Proceedings to Enforce a Judgment"

(b) <u>Stay Pending the Disposition of a Motion</u>. On appropriate terms for the opposing party's security, the court may stay the execution of a judgment—or any proceedings to enforce it—pending disposition of any of the following motions:

(1) under <u>Rule 50</u>, for judgment as a matter of law;

(2) under <u>Rule 52(b)</u>, to amend the findings or for additional findings;

(3) under <u>Rule 59</u>, for a new trial or to alter or amend a judgment; or

(4) under <u>Rule 60</u>, for relief from a judgment or order.

B. Plaintiff claims that Defendants request to "Stay Pending the Disposition of a Motion" (or in the Defendants' wording "Delay Consideration") does not comply to FRCP, Rule 62(b)(1)(2)(3) or (4) and therefore has no legal standing to request a "stay" or " delay" of "Motion to Certify Case 1:12-cv-0763 as 'Class Action'".

C. Plaintiff claims that Defendants have not submitted a supporting "Legal Brief" requesting a "Stay" or "Delay" of the "Motion to Certify Case 1:12-cv-0763 as 'Class Action'" and has no legal standing for such "Delay" or "Stay" and that the Defendants lack technical legal sufficiency to support a "Delay" or a "Stay" of Plaintiff's "Motion to Certify Case 1:12-cv-0763 as 'Class Action'".

## **PRAYER FOR RELIEF**

7. Plaintiff respectfully requests that the Defendants' request to "Stay Pending the Disposition of a Motion" (or in the Defendants' wording "Delay Consideration" [Doc. #41]) be denied and dismissed as it does not conform to the requirements set forth in Rule 62 of FRCP or any other Federal Rule of Civil Procedure or Local Rule.

8. If the Defendants' motion is not dismissed under the above rule, or any other rule then;

   A. the Plaintiff prays that the Court rule in his favor and rule on "Motion to Certify Case 1:12-cv-0763 as 'Class Action'" **first**; which is in accordance with his request under Local Rule 7.1(e) for his motion as "Expedited Consideration Requested".

9. Plaintiff further prays that the Court dismiss the Defendants' "Amended Request to Delay Consideration of Class Action Status" and rule that the request is *moot*.

10. Plaintiff respectfully requests any other relief allowed by law.

Dated: March 3rd, 2013

*Bradley Sleighter*
Bradley Sleighter