FILED - GR
March 7, 2013 10:30 AM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY aid /   SCANNED BY

# UNITED STATES OF AMERICA
## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

BRADLEY KEITH SLEIGHTER,

       Plaintiff,                           Case No. 1:12-cv-0763
                                                    Honorable Janet T. Neff

v.

KENT COUNTY CORRECTIONAL FACILITY
 ADMINISTRATION,
UNDER SHERIFF HESS and
CAPTAIN RANDY DEMORY,

       Defendants.

## PLAINTIFF'S RESPONSE TO "DEFENDANTS REPLY TO…" (Docket Number 42)

      1. Defendants, through and by their attorney(s) Varnum LLP, allege that the Plaintiff:

          a. "refuse[s] to cooperate in the litigation by releasing his medical and psychiatric records…"

          b. is engaging in "legal gamesmanship"; and

          c. "believes he has the right to dictate to opposing counsel, and more importantly, to the Court, what he will disclose …"

      2. Plaintiff has clearly outlined his position on Defendants attempt(s) to obtain medical records in the following Court documents submitted:

          a. Motion to Quash (Doc. #18)

      b. Motion to Quash (Doc. #24)

      c. "Plaintiff's Response to Defendants' Motion to Dismiss" (Doc. #33)

   3. Plaintiff relies on the Courts responses to the Motion(s) to Quash as defense to the above Defendants allegations against the Plaintiff (paragraph 1a, b, and c):

      a. Docket Numbers 22 and 27.

   4. Plaintiff is a pro se litigant with limited knowledge of jurisprudence. Plaintiff respectfully relies on the Court's understanding, patience and tolerance in this litigation.

   5. Plaintiff will attempt, with the best of his limited legal abilities, to comply with all court orders, FRCP, and Local Rules.

   6. Plaintiff realizes that disputes in discovery are not new or limited in scope, as the amount of literature on this subject is extensive to say the least.

   7. Defendants claim that Plaintiff is not complying with the rules of discovery. Plaintiff claims that he is complying with the rules of discovery and has outlined his defenses. This indicates a dispute concerning discovery, specifically "scope" and "relevance". The dispute revolves around Plaintiff's privileged and confidential medical files.

   8. The Courts have recognized several methods of resolving such conflicts:

      a. *In camera review* of documents in question.

         (1) the First Circuit notes that "[w]hen ... the assertion of privilege is subject to legitimate dispute, the desirability of in camera review is heightened" and that "[e]ven if the parties do not explicitly request such a step, a district court may be well advised to conduct an in camera review, in *In re Grand Jury Subpoena (Mr. S.)*, _ F.3d _ (1st Cir. Nov. 1, 2011) (No. 10-2048).

         (2) *In re Grand Jury Subpoena*, _ F.3d at __ (citing United States v. Zolin, 491 U.S. at 569 (noting that the Supreme Court "has approved the practice of requiring parties who seek to avoid disclosure of documents to make the documents available for in camera inspection, and th[is] practice is well established in the federal courts" (internal citations omitted);

      b. The use of a "Discovery Referee"; and/or

      c. a Court Order clarifying the "scope" and "relevance" of said medical records in question.

9. Plaintiff has refrained from alleging misconduct or questionable techniques on the part of the Defendants' attorney, Peter A. Smit, but since the Defendants have *"opened the door"* with their allegations against the defendant, the plaintiff will allege the following:

a. During the Deposition of the Plaintiff, January 10th, 2013, the Defendants' attorney, Peter A. Smit, relying on the Plaintiff's inexperience and lack of legal knowledge, requested that he sign medical release forms for his medical records, unrelated to Plaintiff's claim(s) in his First Amended Complaint. When Plaintiff refused to do so Defendant's attorney stated I would, in fact, give them access to my medical records and history. He further stated that he would "personally" accomplish this with a Court order from Judge Neff ordering the release of said records in dispute.

(1) In the Court's order, Ellen S. Carmody, US Magistrate Judge, states in Docket Number 27, page 2, that Defendants are not authorized to obtain Plaintiff's medical records absent Plaintiff's consent. Plaintiff finds it hard to believe that the Defendants attorney needed a court order to explain this to him and attempted to expedite the acquisition of Plaintiff's medical records with questionable techniques.

(2) At the time of the Deposition, and before the Court's clarification on this issue, the Plaintiff had no reason to believe that the Defendants' attorney could not do what he said and therefore complied with the request to sign release forms for the release of his medical records. The Defendants attorney hand wrote a time period on the release form(s) for records requested. The Plaintiff signed. When the Defendants mailed a copy of these to the Plaintiff he immediately noticed that the Defendants added a request for other medical information that the Plaintiff did not authorize, specifically (see exhibit 1):

A. "Drug Abuse, if any"

B. "HIV/AIDS/STDs and or other Communicable Diseases"

C. "Alcoholism or alcohol abuse, if any"

D. "Psychological or psychiatric conditions, if any"

E. "All admissions or care at this facility or by these Doctors"

(3) Upon realizing what the Defendants' attorney had done he immediately contacted all parties involved and revoked any authorization given to release any medical records.

A. This puts the Plaintiff in a position of being reluctant to sign any release forms for the Defendants due to their questionable tactics in their attempt(s) to obtain privileged and confidential medical records.

B. Plaintiff would further add that he has no objections to the Defendants receiving his medical records, as long as it can be shown that there is a reasonable

belief that the records contain or will lead to information relevant to the defense of the Defendants against the claims of the Plaintiff outlined in his "First Amended Complaint".

   (4). Defendant Jon Hess through his attorney, Peter A. Smit, during the deposition, lied to the Plaintiff and stated that they had cameral surveillance of him eating food that was "non-kosher". Plaintiff directly challenged them to produce the evidence.

   A. Though, this strategy for obtaining confessions and/or information in criminal investigations, is upheld as legal by the US Supreme Court, the Plaintiff is not knowledgeable enough in the Rules of Discovery to know if this is acceptable in what the Plaintiff thought was an amicable exchange of information to assist both parties in the pending litigation.

   (5). The Plaintiff, pro se, **and in forma pauperis**, made a request of the defendants attorney(s) in the following letter (see exhibit #2). The Plaintiff wrote:

   A. "Please let this letter serve as a request for the transcript of the deposition held January 10th, 2013. I am requesting to review the transcript pursuant to the provision of FRCP Rule 30(e) *Review by witness; Changes.* I preserve the right to make any changes under the 30 day rule".

   (a). I would think that if the Defendants believed the Plaintiff had no legal claim to a copy of the "transcript", "Review" or the right to make changes and/or corrections in the transcript then the Defendants would have done so in compliance with Local Rule 7.1(d) as opposed to supplely ignoring Plaintiffs request.

   (b). The Defendants have alleged that the Plaintiff is picking and choosing as to what he wants to comply with. It would appear that the Defendants engage in the same behavior that the Plaintiff is being accused of.

  b. Defendants allege that the Plaintiff is engaging in "legal gamesmanship".

   (1). Plaintiff could allege the same of the Defendants and their attorney(s) in that they have used questionable techniques in an attempt to manipulate the Plaintiff due to his lack of legal knowledge and experience.

   (2). Plaintiff cannot be expected to be responsible for the Defendants expectations of the Plaintiff, pro se, lack of knowledge in civil procedures, in this litigation.

   (3). Plaintiff's knowledge and understanding of federal jurisprudence is evolving as this litigation proceeds and cannot be expected to know every little nuance of FRCP and the Plaintiff prays that the Court views the Plaintiff's position with some latitude.

   (4). The Plaintiff has developed a strategy of researching FRCP, Federal Case Law and other ongoing civil litigations to format his legal style, stategy, and arguments he

presents to the Court in his defense against the Defendants attacks. If this is the definition of "legal gamesmanship" then I am at fault, but I would simply argue that the Defendants just don't like his style and may be somewhat aloof that the Plaintiff, pro se, is able to challenge them with such technical and legal sufficiency.

## PRAYER FOR RELIEF

10. It is, once again, respectfully requested that the Court rule in Plaintiff's favor and deny Defendants request to dismiss case number 1:12-cv-0763.

11. It is respectfully requested that the Court order any other relief to help resolve the issue of discovery in this case before considering dismissal of Plaintiff's complaint.

Dated: March 6, 2013

Bradley Keith Sleighter
82 50th Street SW, Apt. 323
Wyoming, Michigan 49548

Phone: (616) 805-0885
Email: bradsleighter@gmail.com