UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

BRADLEY KEITH SLEIGHTER,

        Plaintiff,           Case No. 1:12-cv-0763

v.                                  HONORABLE JANET T. NEFF

KENT COUNTY CORRECTIONAL
FACILITY ADMINISTRATION,
UNDERSHERIFF HESS and
CAPTAIN RANDY DEMORY,

        Defendants.

| | |
|---|---|
| Bradley Keith Sleighter<br>Plaintiff, In Pro Per<br>82 – 50th S.W., Apt. 323<br>Wyoming, MI 49548 | Peter A. Smit (P27886)<br>Paul J. Greenwald (P25368)<br>VARNUM LLP<br>Attorneys for Defendants<br>Bridgewater Place, P.O. Box 352<br>333 Bridge Street NW (49504)<br>Grand Rapids, MI 49501-0352<br>(616) 336-6000 |

**DEFENDANTS' BRIEF IN OPPOSITION TO**
**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

### I.    INTRODUCTION

This is a suit for alleged violation of Plaintiff's rights under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc-1. After Defendants filed a motion to dismiss, Plaintiff filed a motion for class certification. For the reasons stated in the Defendants' motion, the Plaintiff's claims should be dismissed, thus ending this litigation. However, even if the Court does not dismiss those claims, the Plaintiff has not come close to

meeting the requirements for class certification. Accordingly, the Court should deny the Plaintiff's motion for class certification.[1]

## II. FACTS

Plaintiff filed this lawsuit on July 24, 2012, alleging that his civil rights had been violated by Defendants' failure to accommodate his "kosher diet requirements." (Dkt. #1.) Plaintiff is proceeding *pro se* and *in forma pauperis*. When Plaintiff filed the lawsuit he was still incarcerated, but in November, 2012, he was released.

Plaintiff filed a First Amended Complaint (Dkt. # 16) on December 4, 2012. The Amended Complaint asserts that "Defendant's denial of kosher and other religiously-appropriate meals violates RLUIPA." The relief requested includes compensation for alleged "weight loss, vitamin deficiency and psychological stress."

Defendants issued a Notice of Deposition on December 18, 2012. The Notice of Deposition included a *duces tecum* for all psychological, psychiatric, or medical records which in any way substantiate Plaintiff's claim for mental and/or emotional damages. In response, Plaintiff filed a "Motion to Quash Subpoena Duces Tecum" (Dkt #18), arguing he did not have time to gather such records. The Court ordered Plaintiff to "produce at his deposition all responsive documents which are within his possession or control." (Dkt. #22.)

Plaintiff filed an Application for Appointment of Counsel on December 26, 2012. (Dkt. #21.) The Court denied the Application on January 4, 2013. (Dkt. #23.)

Defendants subpoenaed medical records from Dr. Ricardo Garza and Pine Rest Christian Mental Health Services on January 4, 2013. Plaintiff filed a motion on January 8, 2013 (Dkt.

---

[1] Although Defendants have asked the Court to delay consideration of class action status, the Court has not yet ruled on that request. Accordingly, Defendants are filing this brief as a precautionary measure.

#24), seeking to quash the Subpoenas as among other things, "fishing expeditions." The Court ordered Defendants to first obtain a release from Plaintiff before obtaining any medical records, but further stated: "In the event that Plaintiff declines to execute such a release, the undersigned will recommend that Plaintiff's claims be dismissed for failure to comply with this Court's discovery orders."

Defendants took Plaintiff's deposition on January 10, 2013. At his deposition, Plaintiff signed a release for Pine Rest Christian Mental Health Services and Dr. Amat, but refused to sign a release for Dr. Garza. Shortly after sending the release to Pine Christian Mental Health Services, counsel for Defendants learned that Plaintiff had also revoked the release with respect to Pine Rest Christian Mental Health Services.

Defendants mailed a letter and medical release forms to Plaintiff on January 17, 2013, to be executed and returned to the Defendants within seven days. Plaintiff sent a letter to Defense counsel on January 29, 2013. The letter states, for all practical purposes, that Plaintiff will not comply with the Court's Order, and asserts that the Plaintiff is the sole arbitrator of relevancy and admissibility of evidence.

Defendants filed a Motion to Dismiss on February 13, 2013. (Dkt. #29.) The grounds for that motion are: (1) failure to comply with the Court's orders; and (2) the claim for injunctive relief is moot. That motion is still pending.

Plaintiff filed a Motion for Class Certification on February 21, 2013 (Dkt. #31). While the motion does not specifically identify the class of persons that Plaintiff seeks to represent, the motion refers to "others with appropriate religious diets," who "upon request . . . desire to exercise their religious beliefs." Included among the class are adherents to (1) the Buddhist diet; (2) Edenic diet (supposedly eaten by Adam and Eve in Eden); (3) Hallelujah Diet; (4) Hindu and

Jain diet; (5) Islamic diet; (6) Kosher diet; (7) Word of Wisdom diet; (8) Seventh-Day Adventist diet; (9) Vegetarianism diet; and (10) Black Hebrew diet.

Defendants filed a Request and Amended Request to Delay Consideration of Class Action Status on February 25, 2013 (Dkt. #40 and #41). That Request is still pending.

### III. STANDARDS FOR OBTAINING CLASS CERTIFICATION

To obtain class certification, the moving party must satisfy four prerequisites enumerated in Rule 23(a) of the Federal Rules of Civil Procedure and at least one of the requirements of Rule 23(b). Under Rule 23(a), the party seeking certification must establish (1) that the class is so large that joinder of all members is impracticable ("numerosity"); (2) that one or more questions of law or fact are common to the class ("commonality"); (3) that the named parties' claims are typical of the class ("typicality"); and (4) that the class representative will fairly and adequately protect the interests of other members of the class ("adequacy of representation"). Fed. R. Civ. Pro. 23(a). The moving party must also set forth a class that is ascertainable and clearly identifiable. *Simer v. Rios*, 661 F.2d 655, 669 (7th Cir. 1981). The party seeking certification bears the burden of establishing that he meets the requirements of Rule 23(a) and (b). *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 613-14 (1997). "In addition, both the Supreme Court and [the 6th Circuit] require that a district court conduct a 'rigorous analysis' of the Rule 23(a) requirements before certifying a class." *Pipefitters Local 636 Ins. Fund v. BCBS of Mich.*, 654 F.3d 618, 629 (6th Cir. 2011) (*citing Gen. Tel. Co. of the Southwest v. Falcon,* 457 U.S. 147, 161 (1982); *Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 397 (6th Cir. 1998)); *see also Romberio v. Unumprovident Corp., ERISA*, 385 Fed.Appx. 423, 428 (6th Cir. 2009).

4

## IV. ARGUMENT

In this case, the Plaintiff is proceeding *pro se*, and for that reason alone his Motion for Class Certification must be denied. A "*pro se* litigant without legal training who is representing himself" is simply not "able adequately to represent" a "proposed class." *Heard v. Caruso*, 351 Fed.Appx. 1, *15 (6th Cir. 2009); *see also*, *Miller v. Cnty. of Nassau*, No. 12-cv-4164, 2012 WL 4741592, *1 (E.D.N.Y. Oct. 3, 2012) ("because plaintiffs are proceeding *pro se* they cannot represent anyone other than themselves"); *Hudson v. Caruso*, No. 1:10-cv-58, 2011 WL 1042296, *3 (W.D. Mich. Jan. 24, 2011) ("even if plaintiffs could satisfy the first three requirements [of Rule 23(a)] unrepresented *pro se* prisoners are not adequate class representatives able to fairly represent a class of plaintiffs"). *See generally Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (the "[a]bility to protect the interests of the class depends in part on the quality of counsel and we consider the competence of a layman representing himself to be clearly too limited to allow him to risk the rights of others . . . it is plain error permit this imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action.").

Class certification would also be inappropriate in this case due to the many issues that would need to be decided on an individual basis. These issues would include, without limitation: (1) the nature of each person's dietary restrictions, and whether those restrictions were prompted by a "sincerely held religious belief," *Ramsey v Goord*, 661 F. Supp. 2d 370, 395 (W.D.N.Y. 2009) ("[w]hether asserted under the First Amendment or RLUPIA, a religious liberty claim requires the prisoner to demonstrate that the disputed conduct substantially burdens his sincerely held religious beliefs"); (2) the extent to which each set of restrictions could or could not be accommodated without undue hardship, *Martinez v. Brown*, No. 08-cv-565, 2011 WL 1130458,

\*10 (S.D. Cal. March 25, 2011) (denying class certification on the grounds that the "particular conditions" of each prisoner's situation would need to be examined for purposes of assessing whether the defendant had violated the RUPLIA claim); and (3) the extent to which each of the class members has or has not exhausted his/her administrative remedies, *Hudson v. Caruso*, 2011 WL 1042296 at \*5-9 (recognizing the duty to exhaust). None of these issues could be decided on a class action basis, but instead, would require individualized proofs, which would defeat the purposes of class certification.

Another problem is that the class is ill-defined. *Simer*, 661 F.2d at 669 (moving party must set forth a class that is ascertainable and clearly identifiable). Plaintiff is seeking to represent a class of persons "with appropriate religious diets," who "upon request . . . desire to exercise their religious beliefs." This definition is overly-broad and confusing, and does not provide sufficient information for purposes of deciding who is in the class and who is not.

Lastly, it would be inappropriate to certify this case as a class action in that the Plaintiff's claims are subject to defenses (i.e., refusal to participate in discovery and mootness), which are unique to the Plaintiff. Because these defenses are unique to Plaintiff, they would preclude Plaintiff from meeting the "typicality" or "adequacy" requirement. *See, e.g.*, *Martinez*, 2011 WL 1130458 at \*10 (noting that "defenses unique to a class representative" may counsel against class certification).

## V. CONCLUSION

Based on the foregoing, the Court should deny the Motion for Class Certification.

          Respectfully submitted,

          VARNUM LLP
          Attorneys for Defendants

Dated: March 19, 2013        By:  /s/ Peter A. Smit_____
                                Peter A. Smit (P27886)
                                Paul J. Greenwald (P25368)
                     Business Address and Telephone:
                                Bridgewater Place, P.O. Box 352
                                Grand Rapids, Michigan 49501-0352
                                (616) 336-6000

## **CERTIFICATE OF SERVICE**

    I certify that on March 19, 2013, the foregoing document was served on Bradley Keith Sleighter, by placing a true and correct copy in the United States mail, postage prepaid, to his address of record at 82 - 50th S.W., Apt. 323, Wyoming, MI 49548.

                     By:  /s/ Peter A. Smit_____
                                Peter A. Smit (P27886)
                                Paul J. Greenwald (P25368)
                     Business Address & Telephone:
                                Bridgewater Place, P.O. Box 352
                                Grand Rapids, MI 49501-0352
                                (616) 336-6000

5978903_1.DOCX