UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRADLEY SLEIGHTER,

    Plaintiff,                      Hon. Janet T. Neff

v.                                            Case No. 1:12-CV-763

KENT COUNTY JAIL
ADMINISTRATION, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on <u>Defendants' Motion to Dismiss</u>. (Dkt. #29). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be **granted** and this action **terminated**.

**BACKGROUND**

Plaintiff initiated this action on July 24, 2012, against the Kent County Correctional Facility Administration, Undersheriff Hess and Captain Demory. (Dkt. #1). Plaintiff subsequently amended his complaint on December 4, 2012. (Dkt. #16). In his amended complaint, Plaintiff alleges that he was incarcerated in the Kent County Correctional Facility for ten months during which time Defendants refused his requests to receive a diet "appropriate to [his] religious beliefs" in violation of his rights under the Religious Land Use and Institutionalized Persons Act (RLUIPA). Plaintiff further asserts that as a result of Defendants' unlawful conduct he suffered "weight loss,

vitamin deficiency and psychological stress." Plaintiff seeks equitable, injunctive, and monetary relief. Defendants now move for dismissal of Plaintiff's action.

I.        **Failure to Prosecute and Failure to Comply with the Court's Orders**

On December 18, 2012, Defendants served Plaintiff with a Notice of Deposition *Duces Tecum*. (Dkt. #17; Dkt. #30, Exhibit 1). Plaintiff was informed that his deposition had been scheduled for January 10, 2013. (Dkt. #30, Exhibit 1). Plaintiff was further requested to "produce at the deposition" the following documents: (1) any and all documents which in any way relate to or reference the allegations in Plaintiff's complaint; (2) any and all psychological, psychiatric, or medical records which in any way substantiate Plaintiff's claim for mental and/or emotional damages; and (3) any and all documents on which Plaintiff bases his claim of Kosher diet restrictions and appropriate diet under Judaic law. (Dkt. #30, Exhibit 1).

On December 20, 2012, Plaintiff moved to quash Defendants' subpoena *duces tecum*. (Dkt. #18). Plaintiff argued that he had not been afforded sufficient time to gather the requested documents and, moreover, that certain of the requested documents were public records that Plaintiff could not obtain without a court order. (Dkt. #18). On January 2, 2013, the Court granted in part and denied in part Plaintiff's motion. (Dkt. #22). With respect to the scope of Defendants' document request, the Court observed that:

> The Notice of Deposition does not specify whether Plaintiff is required to produce only such documents as are within his possession or control or whether he is required to also obtain responsive documents under the control or possession of others.

(Dkt. #22).

Perhaps anticipating that this oversight raised a legitimate question as to the scope of their request, Defendants, in their response to Plaintiff's motion, asserted that "the notice of deposition only requires that the Plaintiff bring with him any such documents which are within his possession or control" and "does not require that [Plaintiff] seek out and obtain any such documents that he may believe to exist which are in the control of other persons or entities." (Dkt. #22). In light of this clarification, the Court concluded as follows:

> Aside from counsel's failure to more precisely identify the scope of the document request at issue, the Court discerns nothing improper regarding the Notice of Deposition in question. Accordingly, to the extent that Defendants' Notice of Deposition is interpreted as requiring Plaintiff to produce documents outside his possession or control, Plaintiff's motion to quash is granted. To the extent, however, that Defendants' Notice of Deposition is interpreted as requiring Plaintiff to produce at deposition all such responsive documents that are within his possession or control, Plaintiff's motion is denied. In sum, Plaintiff must produce at his deposition all responsive documents which are within his possession or control. Accordingly, Plaintiff's motion is hereby granted in part and denied in part.

(Dkt. #22).

On January 8, 2013, Plaintiff filed a motion to quash. (Dkt. #24). According to Plaintiff, on or about January 7, 2013, Defendants served on a Dr. Garza a subpoena *duces tecum* requesting that the doctor produce his "entire medical record regarding" his treatment of Plaintiff. (Dkt. #24). Plaintiff moved to quash this request on the ground that it was not reasonable in scope and constituted an impermissible "fishing expedition." (Dkt. #24). Specifically, Plaintiff asserted that the only information in his medical history that is properly discoverable in this matter is "information on my weight" and "information on my dietary practices." (Dkt. #24). On January 16,

2013, the Court granted in part and denied in part Plaintiff's motion. (Dkt. #27). Specifically, the Court concluded as follows:

> In light of the allegations in Plaintiff's complaint and the relevant legal standard, Plaintiff's RLUIPA claim clearly implicates his medical condition and any treatment he has received for such. Thus, Plaintiff's medical records are discoverable under Federal Rule of Civil Procedure 26. Such does not, however, authorize Defendants to obtain copies of Plaintiff's medical records absent Plaintiff's consent. *See, e.g., Bertrand v. Yellow Transportation, Inc.*, 2010 WL 2196584 at *1-2 (M.D. Tenn., May 28, 2010) ("Plaintiff has control over his medical records. . .[and] may determine who shall have access to them"); *Morris v. Lowe's Home Centers, Inc.*, 2012 WL 1073405 at *8 (M.D.N.C., Mar. 29, 2012) (same). Likewise, Plaintiff cannot prosecute this matter without permitting Defendants to access his medical records.
>
> Accordingly, before obtaining, from any individual or entity, copies of or access to Plaintiff's medical records, Defendants must first obtain from Plaintiff a properly executed release authorizing Defendants to obtain or gain access to such information. In the event that Plaintiff declines to execute such a release, the undersigned will recommend that Plaintiff's claims be dismissed for failure to comply with this Court's discovery orders.

(Dkt. #27).

Because Plaintiff refused at his January 10, 2013 deposition to execute the necessary release forms, Defendants, on January 17, 2013, mailed to Plaintiff the necessary forms to permit Defendants to discover Plaintiff's medical records. (Dkt. #30, Exhibit 3). Plaintiff refused to execute these release forms, however, and instead mailed to Defendants a letter in which he again asserted that discovery of his medical records was to be limited to the extent determined by Plaintiff. (Dkt. #30, Exhibit 4). Specifically, Plaintiff asserted that he would permit discovery of "all medical and psychological records that were generated during [his] incarceration at the Kent County Jail between January 16, 2012 and November 15, 2012." (Dkt. #30, Exhibit 4). Plaintiff further

conceded that he would permit Defendants to discover "records generated after my release from jail." (Dkt. #30, Exhibit 4). With respect to his medical records concerning the period prior to his incarceration at the Kent County Correctional Facility, however, Plaintiff reiterated his position that he refused to allow Defendants to discover his medical records except those portions of his medical records referring to his "dietary habits" and "weight." (Dkt. #30, Exhibit 4).

As the Court has previously indicated, Plaintiff's RLUIPA claim clearly implicates his medical condition and any treatment he has received for such. Accordingly, Plaintiff's medical records are discoverable under Federal Rule of Civil Procedure 26. Plaintiff does not get to choose which discrete portions of his medical records he permits Defendants to discover. The Court previously warned Plaintiff that if he refused to permit Defendants to discover his medical records, this Court would recommend that this matter be dismissed for failure to prosecute and failure to comply with the Court's Orders.

As the United States Supreme Court long ago recognized, "[t]he authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30. Failure by a plaintiff "to prosecute or to comply with these rules or a court order" constitutes grounds to dismiss the complaint, or any particular claims therein. *See* Fed. R. Civ. P. 41(b).

When examining whether dismissal under Rule 41(b) is appropriate, the Court must consider the following factors: (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary is prejudiced by the party's dilatory conduct; (3) whether

the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered. *See Schreiber v. Moe*, 320 Fed. Appx. 312, 317-18 (6th Cir., Nov. 5, 2008) (quoting *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999)).

Consideration of these factors leads the undersigned to recommend that this action be dismissed for failure to prosecute and failure to comply with the Court's Orders. Plaintiff's refusal to permit discovery of his medical records is certainly wilful and prejudices Defendants' ability to defend against Plaintiff's claims. Moreover, Plaintiff was previously warned that the Court would recommend dismissal of this action if he failed to permit discovery of his medical records. Accordingly, the undersigned recommends that this action be dismissed with prejudice for failure to prosecute and failure to comply with the Court's Orders.

## II. Plaintiff's Action is Moot

On November 20, 2012, Plaintiff notified the Court that he had been released from the Kent County Correctional Facility. (Dkt. #12). As Plaintiff is no longer incarcerated at the Kent County Correctional Facility, his request for injunctive and declaratory relief is moot. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (inmate's RLUIPA claims for injunctive and declaratory relief based on a challenge to a particular facility's policies and procedures rendered moot by his transfer to another facility); *Cook v. Cashler*, 2013 WL 1962388 at *3 (W.D. Mich., May 10, 2013) ("the Sixth Circuit has repeatedly held that claims against prison officials for both injunctive relief and declaratory relief are moot if the inmate is no longer at the facility where the alleged wrongdoing occurred"). As for Plaintiff's claim for monetary damages, the Court notes that

Plaintiff cannot obtain monetary damages under RLUIPA. *See Colvin*, 605 F.3d at 289 ("monetary damages are not available under RLUIPA"). Accordingly, the undersigned recommends, in the alternative, that this action be dismissed as moot.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendants' Motion to Dismiss, (dkt. #29), be **granted** and this action terminated.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: May 22, 2013             /s/ Ellen S. Carmody
                               ELLEN S. CARMODY
                               United States Magistrate Judge