UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRADLEY SLEIGHTER,

  Plaintiff,           Case No. 1:12-cv-763

v                   HON. JANET T. NEFF

KENT COUNTY JAIL
ADMINISTRATION, et al.,

  Defendants.
_____/

**OPINION AND ORDER**

  In July 2012, Plaintiff filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983, alleging claims under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc *et seq.* In February 2013, Defendants moved to dismiss Plaintiff's case, arguing that (1) Plaintiff had not complied with the discovery orders of the Court, (2) Plaintiff is not entitled to injunctive relief as he is no longer an inmate, and (3) Plaintiff has no recoverable damages under RLUIPA (Dkt 29). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R, Dkt 49), recommending that this Court grant Defendants' motion. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation. Plaintiff has also filed a motion requesting that this case be certified as a class action (Dkt 31). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have

been made. The Court denies the objections, denies the class certification motion as moot, and issues this Opinion and Order.

The Magistrate Judge first recommends that Plaintiff's case be dismissed for failure to prosecute and failure to comply with court orders (R&R, Dkt 49 at 6). Plaintiff does not assert any error in the Magistrate Judge's factual or legal analysis in this regard. *See* W.D. Mich. LCivR 72.3(b) (requiring objections to "specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections"). Rather, Plaintiff makes the following offer:

> If dismissal of this case hinges on the Plaintiff not complying with the discovery order of the Court . . . then Plaintiff willingly gives permission to the Defendants to use the records in their possession as they see fit in this case to avoid dismissal on the grounds of failing to comply with the discovery order of this Court.

(Objs., Dkt 50 at 8).

Plaintiff was given ample opportunity to comply with the Court's orders. The Magistrate Judge extensively set forth the undue delays in this case as well as the Magistrate Judge's warnings to Plaintiff that his case may be dismissed for failure to comply with the discovery orders. Plaintiff's belated offer, made after the Magistrate Judge issued the Report and Recommendation, does not demonstrate any error by the Magistrate Judge nor compel a conclusion other than the dismissal recommended by the Magistrate Judge. Plaintiff's "objection" is therefore denied.

Second, the Magistrate Judge recommends, in the alternative, that Plaintiff's case be dismissed because his requests for injunctive and declaratory relief are moot and monetary damages are not available under RLUIPA (R&R, Dkt 49 at 6-7, citing *Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010)). Plaintiff does not challenge the Magistrate Judge's conclusion that his release rendered moot his requests for injunctive and declaratory relief, nor the conclusion that monetary

damages are unavailable under RLUIPA. Plaintiff instead argues that he is entitled to nominal damages (Objs., Dkt 50 at 2-6). Plaintiff asserts that "RLUIPA is plenty clear. 'Appropriate relief' appears over 100 times in the United States Code, and Congress routinely uses this terminology to encompass compensatory and nominal damages" (*id.* at 3).

Again, Plaintiff does not assert any error in the Magistrate Judge's factual or legal analysis. *See* W.D. Mich. LCivR 72.3(b). Rather, he argues for the first time that he is entitled to nominal damages. Plaintiff did not identify nominal damages either in the request for relief in his initial Complaint (Dkt 1 at 4) nor in his First Amended Complaint (Dkt 16 at 5). More importantly, Plaintiff did not raise the issue of his purported entitlement to nominal damages in his response to Defendants' Motion to Dismiss (Dkt 33). Accordingly, the Magistrate Judge had no opportunity to consider the issue, and the issue is therefore not properly before this Court. *See, e.g., Becker v. Clermont County Prosecutor*, 450 F. App'x 438, 439 (6th Cir. 2011) (citing *Murr v. United States*, 200 F.3d 895, 902-03 n.1 (6th Cir. 2001) ("While the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits de novo review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate.")). Specifically, because Plaintiff did not previously raise the issue of nominal damages to the Magistrate Judge, Plaintiff's "objection" is deemed waived. *See United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998) (citing *Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir. 1996) (collecting cases holding that issues raised for first time in objections to magistrate judge's report and recommendation are deemed waived).

In sum, Plaintiff's objections demonstrate no error in the Magistrate Judge's Report and Recommendation, and this Court adopts the Report and Recommendation as the Opinion of this

Court. Accordingly, Plaintiff's motion for class certification is denied as moot. A Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58. Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of the Judgment would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007). Therefore:

**IT IS HEREBY ORDERED** that the Objections (Dkt 50) are DENIED and the Report and Recommendation (Dkt 49) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion to Dismiss (Dkt 29) is GRANTED.

**IT IS FURTHER ORDERED** that the Motion for Class Certification (Dkt 31) is DENIED as moot.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal of the Judgment would not be taken in good faith.

Dated: September 20, 2013               /s/ Janet T. Neff
                                         JANET T. NEFF
                                         United States District Judge